*Eastern Dist.*
*January, 1836.*

ORILLION AND
LACROIX
*vs.*
DESLONDE.

Where the principal sues for the price of goods sold and delivered by his agent or attorney in fact, and thereby ratifies the sale, it is quite immaterial whether the agent had any authority to sell originally or not.

---

## ORILLION AND LACROIX *vs.* DESLONDE.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, THE JUDGE OF THE SECOND PRESIDING.

The laws of Congress granting settlement or pre-emption rights, give no absolute title in themselves, but only grant a preference in purchasing from the United States government, on certain conditions prescribed, and the individual claiming a right under them, obtains a title from the government only by a compliance with all the conditions imposed.

The act of Congress, passed April 12, 1814, granting pre-emption rights to settlers, requires a part of the price of the land to be paid at the time of entering, and where this is omitted, and another purchases the government right and pays the price, even after entry but before payment of any part of the price, he will hold it.

EASTERN DIST.
January, 1836.

ORILLION AND
LACROIX
vs.
DESLONDE.

This is in the nature of a petitory action. The plaintiffs claim a quarter section of land lying in the parish of Iberville, under the act of Congress passed in 1814, allowing settlement rights to individuals to this quantity, under certain conditions and restrictions. The plaintiffs made their entry and filed their claims with the register the 5th of April, 1823, and paid the government price to the receiver, the 18th February, 1824, for the land in question. They allege that the defendant has taken possession of the land, and refuses to give it up; wherefore, they pray that it may be adjudged to them, and that they have judgment for delivery of the possession, and for one thousand dollars in damages for timber cut and carried away from it, and for the detention thereof, &c.

The defendant pleaded the general denial, and averred he had a good and legal title to it, having purchased it from one Joseph Hugurt, in December, 1829, by public act and for the price of seven thousand five hundred dollars. He cites Hugurt in warranty, to defend, &c.

Hugurt denies that the plaintiffs have any title to the premises in question, and sets up title in himself, by purchase from one F. Maurice, 16th September, 1812, to this tract of land, which he avers was originally derived from the Spanish government, the title of which has been recognized by the United States. That on the 18th of April, 1822, he acquired by purchase from the United States, two hundred and sixty-four acres, adjacent to and back of the said tract of five arpents front purchased from Maurice, the same being a pre-emption right, under the laws of the United States, he being the owner of the front tract. That he sold to the defendant three arpents front of the said tract, with the double concession, which comprehends a part of the original tract of two hundred and sixty-four acres, and that under the title so acquired, the defendant has a just and legal title to the land in dispute, &c.

The register of the land office, in his certificate of the entry made by the plaintiffs on the 5th of April, 1823, of the quarter section of land claimed by them, states " that on the 13th of March, 1820, N. Meriam, Esq. attorney for the heirs of Joseph Lacroix, filed in his office their claim for one hundred

and sixty acres of land, as a settlement right under the act of Congress, dated the 12th of April, 1814," &c. This is the land claimed in the present suit.

EASTERN DIST.
January, 1836.

ORILLION AND
LACROIX
vs.
DESLONDE.

Upon these issues and facts, the parties went to trial. ·

The district judge decided that the defendant's title was superior, because Hugurt, on the 18th day of April, 1822, paid the United States government the price of a pre-emption right to a tract of two hundred and sixty-four acres of land adjacent to and back of his front tract, which was afterwards, on the 14th of December, 1822, surveyed by one of the government surveyors, and the location approved. That the settlement right under which the plaintiffs' claim, of itself gives no title, but only a right to acquire one by preference. That in this case they only entered the land in contest in April, 1823, and the receiver's receipt of payment is not dated until the 18th of February, 1824, two years subsequent to that of the defendant. Judgment was rendered in favor of the defendant, quieting him in his title.

The plaintiffs appealed.

*Labauve*, for the plaintiff and appellant.

1. The land in contest was entered expressly for the plaintiffs by their attorney in fact, Meriam, the 13th of March, 1820, as a settlement right, under the act of Congress passed 12th April, 1814, and the government price afterwards duly paid. The original entry was full notice to all the world of the plaintiffs' claim, and sufficient to give them a valid title to the land. . .

2. The plaintiffs base their claim on a payment made in April, 1822, at a time when the land was already entered for them under existing laws, and paid for within the legal, delay.

3. The law of the 3d March, 1811, was repealed when the claim of the plaintiffs was entered in March, 1820, but was revived the 11th May, 1820, subsequently to the plaintiffs' entry. They had, thereby, acquired a right as owners, on paying for it within the legal delay.

EASTERN DIST.
January, 1836.

ORILLION AND
LACROIX
vs.
DESLONDE.

4. No subsequent law to the entry made by the plaintiffs' attorney, could affect, or impair in any manner whatever, the rights and privilege acquired under the law of the 14th April, 1814, of becoming absolute owners by paying the price within the time required by law.

*A. N.* and *R. Ogden,* for the defendants.

1. By the act of Congress, passed the 15th February, 1811, the front proprietors of land obtained a preference and preemption for the back land, and this right was limited to three years. See *Land Laws,* 577-8 779 ;.and 5 *Martin, N. S.* 417.

2. The plaintiffs never complied with the requisitions of the law, to complete their title. By delaying it, they were debarred from competition after the defendant purchased the land. 6 *Martin, N. S.* 337. See *Land Laws,* page 653, for act of April 12th, 1814. *Ibid.* 631-2, for act 5th February, 1813. *Ibid.* 788, for act of 2d March, 1821.

*Mathews, J.,* delivered the opinion of the court.

This case presents a question of title between the parties to a certain tract of land, claimed by each of them, as purchasers from the United States, under pre-emption laws passed by Congress. The plaintiffs claim as purchasers under acts granting a right of pre-emption to settlers, and the defendant by purchase made in pursuance of laws allowing the right of pre-emption to proprietors of land fronting on water courses, to an equal quantity in the rear of the land thus owned by them. Judgment was rendered for the defendant in the court below from which the plaintiffs appealed.

The decision of the case depends on a just construction of the legal effects which those different pre-emption laws must have on the claims of parties under them. They give no absolute title in themselves, but only grant a preference in purchasing from the United States, on certain conditions and limitations prescribed, and the individual claiming the right to purchase obtains title from the government only by a

The laws of congress granting settlement or pre-emption rights, give no absolute title in themselves, but only grant a preference in purchasing from the United States government on certain conditions prescribed; and the individual claiming a right under them, obtains a title from the government only by a compliance with all the conditions imposed.

compliance with the conditions imposed by law and within the time limited. The plaintiffs entered their claim to a pre-emption under settlement right during the existence of an act of congress, which authorised such entries; whether the entry was properly made and allowed does not appear. This perhaps might be presumed if all the conditions of the purchase had been complied with before the persons under whom the defendant claims made their purchase by complying with the requisites of the law under which they claimed to purchase.

The act granting pre-emptions on settlement claims, required a certain part of the sum to be paid at the time of entering such claims, as one of the conditions under which a title could be obtained from the United States. This was not done by the plaintiffs until some time after the vendors to the defendant had purchased the right of government by a full compliance with all things required by the act under which they bought.

Under these circumstances, we are of opinion that the defendant holds under a title first regularly obtained from the United States, and consequently is better than that set up on the part of the plaintiffs  See  Land Laws, pages 631, 779, 653, 786, 788. 6 Martin, N. S., 336. 5 Ibid., 416. 3 Louisiana Reports, 59.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

*Margin:*

Eastern Dist.
January, 1836.

The act of congress April 12th, 1814, granting pre-emption rights to settlers, requires a part of the price of the land to be paid at the time of entering, and where this is omitted and another purchases the government right and pays the price, even after entry, but before payment of any part of the price, he will hold it.