DOSILLIAT ORILLION and others *v.* HONORÉ F. DEBLIEUX.

APPEAL from the District Court of Iberville, *Dutton,* J., presiding.

*Labauve,* for the appellants.

*Deblieux,* pro se.

SIMON, J. The plaintiffs set up title under the government of the United States to a tract of land, which they describe in their petition as being situated on the right bank of the Mississippi, adjoining and in the rear of the lands and double concession of Joseph Huguet, and surveyed as containing about one hundred and sixty superficial acres. They allege that this tract of land, having been duly entered under the act of congress of the 12th of April, 1814, and paid for on the 18th of February, 1824, was afterwards surveyed and located by the government in or about the year 1830, immediately back of, and adjoining the double or second concession of Joseph Huguet, as specified in the application, &c., and described as section or lot No. 98, in township 10, range 13 east, and as being the same that Joseph Lacroix settled and built upon under the said act of congress.

The defendant first denies that the plaintiffs have any title to the land by them claimed, and avers that, if they have obtained any title to it, or any order of survey or location of any claim thereon, such title or order of survey or location, was obtained illegally and through fraud. He further states that he is the owner of the land sued for, having purchased the same from the United States on the 27th of December, 1830; that after having sold it to one Deslonde, who subsequently conveyed it to J. B. Roy, said tract of land was re-purchased by respondent from Roy's successors. He further avers that the purchase of Lacroix's heirs, on the 18th February, 1824, on which plaintiffs rest their claim, cannot be made to apply to the land in dispute; that the purchase of Lacroix's heirs was located on other lands, subsequently to the purchase made by respondent from the United States; and that if any other location has been since made, the same is illegal and in fraud of his rights.

The respective titles and locations of the parties were fully investigated, and judgment having been rendered below in favor of the defendant, the plaintiffs appealed.

The evidence shows that, under the act of congress of the 12th of April, 1814, the heirs of Lacroix, on the 13th of March, 1820, filed in the land office their claim or pre-emption right to a tract of land described as "a tract of public land, in the parish of Iberville, on the right bank of the Mississippi, and *adjoining the land* surveyed for Joseph Huguet by Walker Gilbert, principal deputy surveyor of the said district, or *a second concession;*" that, on the 17th of February, 1824, the Register issued his warrant or certificate at the foot of the application, stating that the claimants were entitled to 160 superficial acres of land, as applied for; that, on the 5th of April, 1823, the Register had given another certificate, in which he certified Lacroix's pre-emption claim, to be adjoining lands surveyed for Joseph Huguet by Walker Gilbert; that, on the 18th of February, 1824, the heirs of Lacroix paid the Receiver for the land to which they, in their application, claimed a pre-emption right. The receipt describes the land as being in the rear of lands owned by Joseph Huguet, in the parish of Iberville, and refers to the Register's certificate No. 34, dated the day previous. The order of survey is dated the 28th of October, 1825. During the period which elapsed between the application and the payment, it appears that Joseph Huguet, on the 18th April, 1822, purchased and paid for *the back land* or *second concession* of his first tract; and that, in April, 1834, a suit was instituted by the present plaintiffs against one Deslonde, who claimed under Joseph Huguet, for the same tract of land, under the titles produced in that suit; and this controversy was terminated by a judgment in favor of the defendant against the present plaintiffs, which judgment was affirmed, on appeal, by this court. 9 La. 53. The question there was, whether the plaintiffs or the defendant had acquired the best title from the government of the United States to the land in controversy, as it appeared that the location of both was to be on the same spot.

It is also, in evidence in this suit, that, on the 21st of January, 1834, previous to the institution of their suit against Deslonde,

and in compliance with the instructions of the Surveyor General, dated the 31st of December, 1833, the plaintiffs' claim was located by regular survey, duly approved; which location interfered with that of Joseph Huguet's claim, and was made the basis of the aforesaid suit. In 1838, after the suit was decided, the plaintiffs caused another location to be made, interfering with the location of the present defendant's claim. The plat of this location, though objected to by the defendant, was admitted in evidence by the judge *a quo*, to whose opinion the defendant excepted. This plat, however, though certified by the Surveyor General, does not appear to have ever been approved.

The evidence shows, further, that the defendant made his purchase of the tract of land in controversy on the 27th of December, 1830; his receipt states that the sum paid by him is in full of the purchase money of lot 98 of public lands, township 10, range 13 east, in the south-eastern district of Louisiana; and the Register's certificate also produced, shows that the purchase was made under the President's proclamation, dated 5th June, 1830.

It is *worthy of remark* that the plaintiffs have not made any attempt to show the spot on which their improvements existed, at the time they made their application to the land office. Their claim is a *pre-emption right* founded *upon actual settlement* and *occupancy*. They state, in their written application, that J. Lacroix did *actually inhabit* and *cultivate* the land claimed from the year 1812 until his death in 1817. As it would have been easy for them to establish a fact of such importance, the absence of any proof necessarily raises against them the presumption that the location claimed by them, is not on the same spot which their ancestor inhabited, and which he cultivated between 1812 and 1817.

In this state of the case, it appears to us that the plaintiffs have not shown any right or title to the tract of land sued for, authorizing a location in conflict with, and in preference to that of the defendant. The application they made in 1820, was for a tract of land *adjoining the land surveyed for Joseph Huguet.* They call it *a second concession;* and at that time, Joseph Huguet had not acquired any right or title to the tract which he purchased in April, 1822; the second concession was still vacant, and although,

in 1824, the land purchased by the plaintiffs is described as being *in the rear of lands* owned by Joseph Huguet, we do not hesitate to say that these expressions are to be understood in reference to the first application, and as meaning that the tract of land purchased, was situated in the second concession of Joseph Huguet's front tract, and was to be there located, and not elsewhere. The plaintiffs themselves understood it so, when they located their tract in conflict with that of Joseph Huguet, and when they instituted their action against Deslonde, who held under Huguet. The survey in 1833 was made at their request; it was to serve as the basis of their suit against Deslonde; and whatever subsequent survey they may have caused to be made (after they were defeated in their first action,) to suit their own purposes, cannot now, to the prejudice of other persons, change their first location, which, in our opinion, was in accordance with the real purport of their title. We therefore agree with the judge *a quo*, that the evidence shows that the location of the plaintiffs' improvements or settlement, upon which they claimed their right of pre-emption, was not upon the land claimed by the defendant.

*Judgment affirmed.*